In the MATTER OF: Jerry L. ULRICH, Respondent

Supreme Court Case No. 22S00-1606-DI-343

Supreme Court of Indiana.

Filed March 2, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Loretta H. Rush, Chief Justice of Indiana

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b) (2017), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Count 1. Respondent represented Client in a personal injury lawsuit. Client settled his case with the tortfeasor's insurer for the policy limit of $100,000, and the settlement check in that amount was deposited into Respondent's trust account in November 2009. Respondent then turned his attention to asserting a claim against two underinsured motorist ("UIM") policies. This required filing suit against Client's insurer, Medicare, which had lien rights on Client's recoveries. Respondent retained Client's primary settlement claim in trust until Medicare's secondary payer lien could be resolved. The amount of Medicare's lien claim remained in flux and unsettled for several years. During this time, Client repeatedly sought his portion of the primary claim settlement from Respondent and inquired about the status of the UIM claims. Respondent was not always available to meet with Client. Respondent offered to make a partial distribution in an amount unlikely to interfere with the Medicare lien, but Client declined. Respondent admits he should have been more diligent in pressing Medicare to compromise its lien rights and could have been more communicative with Client. In 2014, Client hired another lawyer to complete the representation and to obtain Client's share of the primary claim settlement from Respondent. Respondent promptly complied, even though at that time the Medicare lien remained unresolved and was still changing in amount.

Count 2. From 2009 through 2015, Respondent regularly failed to withdraw from his trust account funds that he had earned. The parties indicate this was due to inattention and not to evade Respondent's creditors. During this same time period Respondent failed to keep individual client ledgers, although the parties stipulate that at all times the balance of Respondent's trust account was sufficient to cover all client obligations. Respondent on several occasions also disbursed trust account funds using checks made payable to "cash." Finally, in 2010, 2015, and 2016, Respondent made a number of online banking transfers from his trust account that were not based upon a written withdrawal authorization.

In aggravation, the parties cite Client's vulnerability, Respondent's pattern of trust account mismanagement, and Respondent's substantial experience in the practice of law. In mitigation, the parties cite Respondent's lack of prior discipline during his 42 years of practice, the absence of a dishonest or selfish motive, Respondent's reputation for good character, and Respondent's timely good faith effort to remedy his accounting practices.

**Violations:** The parties agree that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rules:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.15(a): Commingling client and attorney funds and failing to maintain and preserve complete records of client trust account funds.

1.15(d): Failure to deliver promptly to a client funds the client is entitled to receive.

Ind. Admission and Discipline Rules (2016):

23(29)(a)(3): Failure to create, maintain, or retain accurate trust account records and client ledgers.

23(29)(a)(4): Commingling client funds with other funds of the attorney or firm.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline. For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning on the date of this order, all stayed subject to completion of at least two years of probation.** Respondent's probation shall include trust account monitoring by a certified public accountant, who shall report quarterly to the Commission. Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(16).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.